### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WENDY R. HONN,<br><br>                Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner, Social Security Administration,[1]<br><br>                Defendant. | Case No. 12-CV-38-GKF-FHM |

## REPORT AND RECOMMENDATION

Plaintiff, Wendy R. Honn, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation. The undersigned RECOMMENDS that the Commissioner's denial decision be AFFIRMED.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v.*

---

[1] Effective February 14, 2013, pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's October 17, 2006, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Gene Kelly was held October 2, 2008 and December 17, 2009. By decision dated February 12, 2010, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on December 1, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

*Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 33 years old on the alleged date of onset of disability and 38 at the time of the ALJ's denial decision. She has a associate degree in interior design and formerly worked as EKG technician, unit secretary, waitress, administrative assistant, and data entry clerk. She claims to have been unable to work since June 1, 2005 as a result of hepatitis C, liver disease, fatigue, diabetes, headaches, depression, anxiety, shortness of breath, problems with hands, wrists, neck, knees, and vision.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform light work except she can stand/walk two hours of an eight hour workday, 30 minutes at a time, sit for six hours of an eight hour workday, one hour at a time. She can do only limited climbing and can occasionally bend, stoop, squat, kneel, crouch, crawl,

operate foot controls, and twist/nod her head. She requires low noise and light, should avoid fine vision, and has a slight limitation in fingering, feeling, and gripping. She should avoid working in food service and should have easy access to restrooms and avoid extensive exposure to the sun. She should also avoid rough and uneven surfaces, unprotected heights, fast and dangerous machinery, and heat. She can perform simple, repetitive and routine work with limited contact with the public, co-workers and supervisors. [R. 19].

The ALJ found that Plaintiff could not return to her past relevant work with these limitations, but based on the testimony of a vocational expert, determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ erred by relying on vocational expert testimony that was at significant variance from the Dictionary of Occupational Titles (DOT) and that the RFC finding is not supported by substantial evidence because it fails to contain limitations related to her chronic fatigue.

## Analysis

### Conflict with DOT

The vocational expert identified two jobs that Plaintiff could perform with the limitations set out in the RFC: surveillance monitor, DOT # 379.367-010; and clerical

mailer, DOT #209.587.010. Plaintiff argues that the ALJ erred in relying on the vocational expert testimony identifying the surveillance monitor because Plaintiff was limited to performing simple, repetitive, and routine work but the DOT lists that job as requiring higher reasoning level. The Commissioner conceded that the job requires greater capabilities than simple, repetitive and routine work and therefore does not satisfy the RFC. [Dkt. 21, p. 4].

Plaintiff argues that the clerical mailer job is also outside of her capabilities. According to Plaintiff, the RFC limitations of "avoid fine vision" and "slight limitation in fingering, feeling and gripping," [R. 19], are inconsistent with the DOT description of this job which requires frequent reaching, handling, and fingering and requires constant near acuity. *Dictionary of Occupational Titles,* 209.587-010, 1991 WL 671797. The undersigned disagrees that the RFC excludes the job of clerical mailer.

In the hypothetical question posed to the vocational expert, the ALJ specifically outlined what he meant by including the limitation of avoiding fine vision and a slight limitation in fingering, feeling, and gripping, as follows:

> I want to avoid fine vision. I'm not, again, telling that she can't use her, her eyes. She can, but she shouldn't doing be [sic] small, tedious tasks with her eyes, like working with small nuts and bolds, working with pen and clip fastener, working with small details. I'll have a slight limitation in finger, feel, and grip. And this goes along with the previous one. She shouldn't be doing small, tedious tasks, like working with nuts and bolds, small nuts and bolts, working with pen and clip fastener. She can put her kids' bicycle together, but she might have trouble playing with her kids' erector set.

[R. 154-155]. The undersigned finds that the foregoing limitation cannot reasonably be read to preclude performance of the clerical mailer job requirement of "address[ing] by

hand or typewriter, envelopes, cards, advertising literature, packages, and similar items for mailing." DOT # 209.587-010.  Concerning her vision limitation, Plaintiff asserts that the job "would certainly require a person to read small print" which would "seem contrary to restrictions in fine vision." [Dkt. 20, p. 7].  The DOT description does not contain anything that suggests the reading of especially "fine print" is required.[3]  Again, the undersigned finds that under a reasonable reading of the ALJ's hypothetical question, the performance of the job of clerical mailer is not precluded.

Work exists in the national economy sufficient to support a finding at step-five of the evaluative sequence when there are a significant number of jobs in one or more occupations which have requirements the claimant is able to meet.  20 C.F.R. § 404.1566(b), *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir 1995).  The ALJ's finding that Plaintiff can perform the job of clerical mailer supports the step-five finding.[4]

### Chronic Fatigue in the RFC

Plaintiff argues that the RFC is not supported by substantial evidence because it does not include limitations related to chronic fatigue.  Plaintiff notes that the ALJ did not include fatigue in the list of "severe" impairments at step two, the decision makes multiple references to complaints of fatigue in the medical records and testimony, but since fatigue was not mentioned in the RFC, Plaintiff argues that the ALJ ignored her complaints of fatigue.

---

[3] The undersigned notes that Plaintiff identified reading as one of her pastimes, [R. 807], and testified she generally does not have trouble reading, [R. 105].

[4] Plaintiff does not assert that the number of clerical mailer jobs is not sufficient to meet the step-five requirements.

The undersigned finds that the ALJ did not ignore Plaintiff's complaints of fatigue. The ALJ mentioned Plaintiff's complaints of fatigue throughout the decision. [R. 20-22]. However, in assessing Plaintiff's credibility, the ALJ found that the medical reports were not consistent with Plaintiff's alleged physical problems. [R. 22]. The undersigned notes that the medical records reveal that Plaintiff sought treatment for a variety of complaints, but that she rarely mentions fatigue as a complaint. The undersigned finds that in view of the fact that the ALJ found Plaintiff was not entirely believable,[5] he adequately accounted for her complaints of fatigue by finding that she could perform light work to be performed mostly sitting as standing and walking were limited to 2 hours of the workday. [R. 19].

The undersigned finds that the ALJ adequately discussed the evidence and his conclusion about Plaintiff's RFC is supported by substantial evidence.

## Conclusion

The undersigned finds that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence. Therefore the undersigned RECOMMENDS that the Commissioner's denial of benefits be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before March 11, 2013.

---

[5] Plaintiff does not challenge the ALJ's credibility finding.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 25th day of February, 2013.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE